(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Western District of Missouri | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Yeager, Douglas Edwin** | Name of Joint Debtor (Spouse)(Last, First, Middle):<br>**Yeager, Jennifer Lou** |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**1508** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if<br>more than one, state all):<br>**1153** |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**581 Johnson Ave.**<br>**Sparta, MO 65753** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>**581 Johnson Ave.**<br>**Sparta, MO 65753** |
| County of Residence or of the<br>Principal Place of Business:    **Christian** | County of Residence or of the<br>Principal Place of Business:    **Christian** |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |

| Location of Principal Assets of Business Debtor<br>(if different from street address above): |
|---|

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue (Check any applicable box)**

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☑ Individual(s)   ☐ Railroad<br>☐ Corporation   ☐ Stockbroker<br>☐ Partnership   ☐ Commodity Broker<br>☐ Other _____   ☐ Clearing Bank | | ☑ Chapter 7   ☐ Chapter 11   ☐ Chapter 13<br>☐ Chapter 9   ☐ Chapter 12<br>☐ Sec. 304 - Case ancillary to foreign proceeding |
| **Nature of Debts** (Check one box)<br>☑ Consumer/Non-Business   ☐ Business | | **Filing Fee** (Check one box)<br>☑ Full Filing Fee Attached<br>☐ Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration certifying<br>that the debtor is unable to pay fee except in installments.<br>Rule 1006(b).  See Official Form No. 3. |
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. § 101<br>☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | | |

| **Statistical/Administrative Information**  (Estimates only)<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will<br>be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Debts

| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1 million | $1,000,001 to<br>$10 million | $10,000,001 to<br>$50 million | $50,000,001 to<br>$100 million | More than<br>$100 million |
|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

(Official Form 1) (12/03)                                    **FORM B1, Page 2**

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Douglas Edwin Yeager, Jennifer Lou Yeager** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** |||
|---|---|---|
| Location<br>Where Filed:   **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** |||
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

# Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Douglas Edwin Yeager**
Signature of Debtor

X **/s/ Jennifer Lou Yeager**
Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**10/12/2005**
Date

**Signature of Attorney**

X **/s/ David E. Schroeder**
Signature of Attorney for Debtor(s)

**David E. Schroeder,  32724**
Printed Name of Attorney for Debtor(s) / Bar No.

**David Schroeder Law Offices, P.C.**
Firm Name

**1524 E. Primrose, Suite A  Springfield, MO 65804**
Address

**417-890-1000                417-886-8563**
Telephone Number

**10/12/2005**
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **Not Applicable**
Signature of Authorized Individual

Printed Name of Authorized Individual

Title of Authorized Individual

Date

**Exhibit A**
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

**Exhibit B**
(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X **/s/ David E. Schroeder**                      **10/12/2005**
Signature of Attorney for Debtor(s)         Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☑  No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
Printed Name of Bankruptcy Petition Preparer

Social Security Number (Required by 11 U.S.C. § 110(c).)

Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X **Not Applicable**
Signature of Bankruptcy Petition Preparer

Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form B6
(6/90)

# United States Bankruptcy Court
## Western District of Missouri

In re   **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          Case No.

Chapter   **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 75,000.00 | | |
| B - Personal Property | YES | 3 | $ 21,777.00 | | |
| C - Property Claimed as Exempt | YES | 2 | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $ 105,500.00 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 3 | | $ 40,254.91 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 1 | | | $ 5,455.68 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 5,870.12 |
| Total Number of sheets in ALL Schedules ➢ | | 16 | | | |
| Total Assets ➢ | | | $ 96,777.00 | | |
| Total Liabilities ➢ | | | | $ 145,754.91 | |

FORM B6A
(6/90)

In re:  **Douglas Edwin Yeager**                    **Jennifer Lou Yeager**        ,    Case No. _____

           **Debtor**                                                                                              **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** | **Fee Owner** | **J** | **$ 75,000.00** | **$ 96,500.00** |
| | Total ➤ | | **$ 75,000.00** | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re  **Douglas Edwin Yeager**      **Jennifer Lou Yeager**     ,   Case No. _____

       **Debtor**                                                               **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Monies in pocket** | J | 15.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Certificate of deposit of $100 belonging to daughter of Mrs. Yeager.  Mrs. Yeager's name on deposit with daughter due to daughter's age at time.  Debtor claims no ownership in CD and values her interest at $0.00** | J | 0.00 |
| | | **Checking accounts, Metropolitan Bank, X536, $42.00; X794, $5.00** | J | 47.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Stove, 50; refrigerator, 100; dishwasher, 50; microwave, 15; table, 4 chairs, 50; china cabinet, 50; couch, 100; 2 recliners, 50; end tables, coffee table, 50; bookshelf, 50; curio cabinet, 50; entertainment center, 50; washer/dryer, 50; gun cabinet, 75; 2 queen beds, 200; 1 twin bed, 25; 2 dresers, 75; 2 chests, 50; tv stand, 25; lamps, 25; tvs, 50; vcr, 20; dvd, 20; stereo, 25; bookshelf, 5; 3 stools, 25; lawnmower, 15; weedeater, 10; swing set, 100; gas grill, 200; storage shed, 1200; 2 bicycles, 50** | J | 2,910.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Books, 50; CDs, movies, 75; china, 75; dishes, 100; art, 25; coins, 25** | J | 325.00 |
| 6. Wearing apparel. | | **Clothing** | J | 100.00 |
| 7. Furs and jewelry. | | **Woman's wedding ring, 300; man's wedding band, 100; gold necklaces, 75** | J | 475.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | **9 mm Norank Ozzi, $250; Browning 7 m-08, $400; Glock 40 cal. Model 32, $300; Colt Lamen III, $300; Kel Tec 40 cal., $250; 12 gauge Swat Shotgun, $100** | J | 1,600.00 |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | **Insurance with Met Life, X29UL, surrender value, $2500** | H | 2,500.00 |
| 10. Annuities.  Itemize and name each issuer. | X | | | |

FORM B6B
(10/89)

In re   **Douglas Edwin Yeager** _____ **Jennifer Lou Yeager** _____ , **Case No.** _____
|         **Debtor**                                                                                                    **(If known)** |

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | X | | | |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Sole proprietorship interest in bail bonds business; value unknown and undetermined** | **J** | **unknown** |
| 13. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | | **Accounts deemed possibly collectible of bail bonds clients, $7,500. Debtors value the accounts at $3,000.** | **J** | **3,000.00** |
| | | **Accounts deemed uncollectible of past client bail bonds, $15,000. Debtors value same at $0** | **J** | **0.00** |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | **Anticipated federal and state tax refunds for 2005, estimated at $2,000** | **J** | **2,000.00** |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | **Bail bondsman licenses, no value known.** | **J** | **0.00** |
| | | | | |

FORM B6B
(10/89)

In re   **Douglas Edwin Yeager**        **Jennifer Lou Yeager**    ,    Case No. _____

          Debtor                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1999 Chevrolet Suburban** | J | **8,700.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |
| 26. Office equipment, furnishings, and supplies. | | **Filing cabinet, 15; fax machine, 25; Apple computer, 50; phones, 15** | J | **105.00** |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested. Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed. Itemize. | X | | | |

<u>  2  </u>   continuation sheets attached        Total   ➤    **$ 21,777.00**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re   **Douglas Edwin Yeager**                   **Jennifer Lou Yeager**           , **Case No.** _____

_____Debtor._____                                                        **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)     Exemptions provided in 11 U.S.C. § 522(d).     **Note: These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2)     Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1999 Chevrolet Suburban** | **Mo. RS § 513.430(5)** | **0.00-no equity** | **8,700.00** |
| **9 mm Norank Ozzi, $250; Browning 7 m-08, $400; Glock 40 cal. Model 32, $300; Colt Lamen III, $300; Kel Tec 40 cal., $250; 12 gauge Swat Shotgun, $100** | **Mo. RS § 513.430(4)** | **1,600.00** | **1,600.00** |
| **Accounts deemed possibly collectible of bail bonds clients, $7,500.  Debtors value the accounts at $3,000.** | **Mo. RS § 513.430(3)** | **1,138.00** | **3,000.00** |
| **Accounts deemed uncollectible of past client bail bonds, $15,000.  Debtors value same at $0** | **Mo. RS § 513.430(3)** | **0.00** | **0.00** |
| **Anticipated federal and state tax refunds for 2005, estimated at $2,000** | **Mo. RS § 513.440** | **1,950.00** | **2,000.00** |
| **Bail bondsman licenses, no value known.** | **Mo. RS § 513.430(4)** | **0.00** | **0.00** |
| **Books, 50; CDs, movies, 75; china, 75; dishes, 100; art, 25; coins, 25** | **Mo. RS § 513.430(1)** | **325.00** | **325.00** |
| **Certificate of deposit of $100 belonging to daughter of Mrs. Yeager.  Mrs. Yeager's name on deposit with daughter due to daughter's age at time. Debtor claims no ownership in CD and values her interest at $0.00** | **Mo. RS § 513.430(3)** | **0.00** | **0.00** |
| **Checking accounts, Metropolitan Bank, X536, $42.00; X794, $5.00** | **Mo. RS § 513.430(3)** | **47.00** | **47.00** |

FORM B6C
(6/90)

**In re**    **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          , **Case No.** _____

Debtor.                                                          **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **Clothing** | **Mo. RS § 513.430(1)** | **100.00** | **100.00** |
| **Filing cabinet, 15; fax machine, 25; Apple computer, 50; phones, 15** | **Mo. RS § 513.430(4)** | **105.00** | **105.00** |
| **Insurance with Met Life, X29UL, surrender value, $2500** | **Mo. RS § 513.430(7)** | **0.00** | **2,500.00** |
| **Monies in pocket** | **Mo. RS § 513.430(3)** | **15.00** | **15.00** |
| **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** | **Mo. RS § 513.475** | **0.00-no equity** | **75,000.00** |
| **Sole proprietorship interest in bail bonds business; value unknown and undetermined** | **Mo. RS § 513.430(4)** | **0.00** | **unknown** |
| **Stove, 50; refrigerator, 100; dishwasher, 50; microwave, 15; table, 4 chairs, 50; china cabinet, 50; couch, 100; 2 recliners, 50; end tables, coffee table, 50; bookshelf, 50; curio cabinet, 50; entertainment center, 50; washer/dryer, 50; gun cabinet, 75; 2 queen beds, 200; 1 twin bed, 25; 2 dresers, 75; 2 chests, 50; tv stand, 25; lamps, 25; tvs, 50; vcr, 20; dvd, 20; stereo, 25; bookshelf, 5; 3 stools, 25; lawnmower, 15; weedeater, 10; swing set, 100; gas grill, 200; storage shed, 1200; 2 bicycles, 50** | **Mo. RS § 513.430(1)** | **2,910.00** | **2,910.00** |
| **Woman's wedding ring, 300; man's wedding band, 100; gold necklaces, 75** | **Mo. RS § 513.430(2)** | **475.00** | **475.00** |

FORM B6D
(12/03)

In re: **Douglas Edwin Yeager**      **Jennifer Lou Yeager**   ,   Case No. _____

       Debtor                                                    (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **7220** <br> **Everhome Mortgage** <br> **PO Box 530580** <br> **Atlanta GA 30353** | | J | **8/98** <br> **1st Deed of Trust** <br> **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** <br><br> **VALUE $75,000.00** | | | | **65,500.00** | **0.00** |
| ACCOUNT NO. **891** <br> **Homecomings Financial** <br> **PO Box 650515** <br> **Dallas TX 75265** | | J | **1/02** <br> **2nd Deed of Trust** <br> **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** <br><br> **VALUE $75,000.00** | | | | **31,000.00** | **21,500.00** |
| ACCOUNT NO. **0478** <br> **US Bank** <br> **PO Box 3098** <br> **Milwaukee WI 53201** | | J | **9/01** <br> **Security Agreement** <br> **1999 Chevrolet Suburban** <br><br> **VALUE $8,700.00** | | | | **9,000.00** | **300.00** |

0 Continuation sheets attached

|  |  |
|---|---|
| **Subtotal** ➤ <br> (Total of this page) | **$105,500.00** |
| **Total** ➤ <br> (Use only on last page) | **$105,500.00** |

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re  **Douglas Edwin Yeager**                    **Jennifer Lou Yeager**                    Case No.

          Debtor                                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  Continuation sheets attached

Form B6E - Cont.
(04/04)

In re  **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          ,    Case No. _____
                    Debtor                                                                                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. <u>1</u> of <u>1</u> sheets attached to Schedule of Creditors Holding Priority Claims

|  | |
|---|---|
| Subtotal ➢<br>(Total of this page) | **$0.00** |
| **Total** ➢<br>**(Use only on last page of the completed Schedule E.)** | **$0.00** |

(Report total also on Summary of Schedules)

Form B6F (12/03)

In re **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          .   Case No. _____
　　　　　Debtor                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **184692** <br><br>**America Online** <br>**c/o Allied Interstate** <br>**3000 Corporate Exchange Dr** <br>**Columbus OH 43231** | | J | **services alleged owing** | | | X | 95.00 |
| ACCOUNT NO.   **11005** <br><br>**American Express** <br>**PO Box 650448** <br>**Dallas TX 75265-0448** | | H | **credit card charges** | | | | 1,300.00 |
| ACCOUNT NO.   **4257** <br><br>**Bank of America** <br>**PO Box 650260** <br>**Dallas TX** <br><br><br>**Encore** <br>**PO Box 3330** <br>**Olathe KS 66063** <br><br>**Fleet** <br>**PO Box 1070** <br>**Newark NJ 07101** | | W | **credit card charges** | | | | 6,111.83 |
| ACCOUNT NO.   **0123** <br><br>**Bank One-Circuit City** <br>**PO Box 15298** <br>**Wilmington  DE 19850-5298** | | J | **credit card charges** | | | | 450.00 |

2   Continuation sheets attached

Subtotal  ➤        $7,956.83

Total  ➤

Form B6F - Cont.
(12/03)

In re **Douglas Edwin Yeager** _____ **Jennifer Lou Yeager** _____ , Case No. _____
        Debtor                                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.   **5618**<br><br>**CitiCards**<br>**PO Box 688911**<br>**Des Moines IA 50368** | | **J** | **credit card charges** | | | | 3,982.46 |
| ACCOUNT NO.   **7212**<br><br>**Discover Card**<br>**PO Box 30395**<br>**Salt Lake City UT 84130** | | **W** | **credit card charges** | | | | 6,402.60 |
| ACCOUNT NO.   **6641**<br><br>**Discover Card**<br>**PO Box 30395**<br>**Salt Lake City UT 84130**<br><br><br>**Nationwide Credit Inc**<br>**Legal Forwarding Department**<br>**3600 E University Dr-B1350**<br>**Phoenix AZ 85034** | | **H** | **credit card charges** | | | | 6,793.63 |
| ACCOUNT NO.   **0568**<br><br>**Famous Barr**<br>**PO Box 94517**<br>**Cleveland OH 44101** | | **J** | **credit card charges** | | | | 152.24 |
| ACCOUNT NO.   **6703**<br><br>**First National Bank of Omaha-Visa**<br>**PO Box 2951**<br>**Omaha NE 68103-2951** | | **J** | **credit card charges** | | | | 14,202.62 |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤
(Total of this page)

$31,533.55

Total ➤
**(Use only on last page of the completed Schedule F.)**

Form B6F - Cont.
(12/03)

In re **Douglas Edwin Yeager**          **Jennifer Lou Yeager**                Case No.

Debtor                                                                    (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **4171** | | J | | | | | 764.53 |
| **Sams Club**<br>**PO Box 530942**<br>**Atlanta GA 30353**<br><br><br>**Encore**<br>**PO Box 3330**<br>**Olathe KS 66063** | | | **credit card charges** | | | | |

Sheet no. 2 of 2 continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | |
|---|---|
| Subtotal ➤ (Total of this page) | **$764.53** |
| Total ➤ (Use only on last page of the completed Schedule F.) | **$40,254.91** |

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re: **Douglas Edwin Yeager** **Jennifer Lou Yeager** , Case No.
_____
Debtor (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

B6H
(6/90)

In re: **Douglas Edwin Yeager**_____ **Jennifer Lou Yeager**_____ . **Case No.** _____
                   **Debtor**                                                                        **(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6I
(12/03)

In re **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          , **Case No.** _____

               **Debtor**                                                                                      **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | **daughter** | **5** |
| | **daughter** | **15** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **College recruiter/bail bondsman** | **Bail bondsman** |
| Name of Employer | **Spartan College** | **Self employed** |
| How long employed | **7 years** | **1 year** |
| Address of Employer | **8820 E Pine St., Tulsa, OK 74155; also self employed, Debtor contracts with American Western Bonding, 604 Learning Lane, Monett, MO** | **Debtor contracts with American Western Bonding, 604 Learning Lane, Monett, MO** |

**Income:** (Estimate of average monthly income)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ | **4,230.78** | $ | **0.00** |
| Estimated monthly overtime | $ | **0.00** | $ | **0.00** |
| SUBTOTAL | $ | **4,230.78** | $ | **0.00** |
| LESS PAYROLL DEDUCTIONS | | | | |
| a. Payroll taxes and social security | $ | **567.30** | $ | **0.00** |
| b. Insurance | $ | **713.30** | $ | **0.00** |
| c. Union dues | $ | **0.00** | $ | **0.00** |
| d. Other (Specify)  **Group term life** | $ | **4.50** | $ | **0.00** |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **1,285.10** | $ | **0.00** |
| TOTAL NET MONTHLY TAKE HOME PAY | $ | **2,945.68** | $ | **0.00** |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ | **0.00** | $ | **0.00** |
| Income from real property | $ | **0.00** | $ | **0.00** |
| Interest and dividends | $ | **0.00** | $ | **0.00** |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ | **0.00** | $ | **0.00** |
| Social security or other government assistance (Specify) | $ | **0.00** | $ | **0.00** |
| Pension or retirement income | $ | **0.00** | $ | **0.00** |
| Other monthly income | | | | |
| (Specify)  **Bail bonding income** | $ | **625.00** | $ | **1,285.00** |
| **Expense check from Spartan** | $ | **600.00** | $ | **0.00** |
| TOTAL MONTHLY INCOME | $ | **4,170.68** | $ | **1,285.00** |

TOTAL COMBINED MONTHLY INCOME          **$ 5,455.68**          (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:          **NONE**

Form B6J
(6/90)

In re **Douglas Edwin Yeager**     **Jennifer Lou Yeager**    ,    Case No. _____

        Debtor                                                          (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
schedule of expenditures labeled "Spouse".

| | | |
|---|---|---|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 625.32 |
| Are real estate taxes included?     Yes   ✓    No | | |
| Is property insurance included?     Yes   ✓    No | | |
| Utilities    Electricity and heating fuel | $ | 125.00 |
|          Water and sewer | $ | 35.00 |
|          Telephone | $ | 100.00 |
|          Other    **Cable** | $ | 60.00 |
| Home maintenance (repairs and upkeep) | $ | 25.00 |
| Food | $ | 400.00 |
| Clothing | $ | 50.00 |
| Laundry and dry cleaning | $ | 10.00 |
| Medical and dental expenses | $ | 25.00 |
| Transportation (not including car payments) | $ | 400.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 75.00 |
| Charitable contributions | $ | 200.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|          Homeowner's or renter's | $ | 0.00 |
|          Life | $ | 67.50 |
|          Health | $ | 713.30 |
|          Auto | $ | 175.00 |
|          Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   **personal  property** | $ | 42.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|          Auto | $ | 625.00 |
|          Other    **2nd mortgage** | $ | 442.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 300.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other    **Business exp-postage,misc. supplies** | $ | 200.00 |
|         **Business gas/maintenance expenses** | $ | 450.00 |
|         **Business phone expense** | $ | 700.00 |
|         **Misc.** | $ | 25.00 |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 5,870.12 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each | $ | _____ |

                                         (interval)

Official Form 6 - Cont .
(12/03)

In re: __Douglas Edwin Yeager__          __Jennifer Lou Yeager__          .          Case No. _____
　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ____**17**____
(Total shown on summary page plus 1.)

sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.


Date:  __10/12/2005_____          Signature:  __**/s/ Douglas Edwin Yeager**_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Douglas Edwin Yeager**


Date:  __10/12/2005_____          Signature:  __**/s/ Jennifer Lou Yeager**_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Jennifer Lou Yeager**


[If joint case, both spouses must sign]


## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP


(NOT  APPLICABLE)


Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

## UNITED STATES BANKRUPTCY COURT
### Western District of Missouri

In re: **Douglas Edwin Yeager**          **Jennifer Lou Yeager**          Case No. _____
**1508**                    **1153**                 Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 55,000.00 | 2003:  Income from Spartan College | 2003 |
| 55,000.00 | 2004:  Income from Spartan College | 2004 |
| 13,000.00 | 2004:  Income from American Western Bonding | 2004 |
| 15,000.00 | 2005:  Income from American Western Bonding | 2005 |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.  Payments to creditors

None
☐

a.  List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Everhome Mortgage**<br>**PO Box 530580**<br>**Atlanta GA 30353** | **7/05-9/05, Monthly payments of $637.32** | **1,911.96** | **65,500.00** |
| **US Bank**<br>**PO Box 3098**<br>**Milwaukee WI 53201** | **7/05-9/05, Monthly payments of $624.68** | **1,874.04** | **10,209.00** |

b.  List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None
☑

a.  List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

b.  Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.  Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.  Assignments and receiverships

None
☑

a.  Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

b.  List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7.  Gifts

None
☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **Harmony Baptist Church Rogersville MO** | **N/A** | **2005** | **Monthly tithing of $200** |

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **David Schroeder Law Offices, P.C. 1524 E. Primrose, Suite A Springfield, MO 65804** | **9/05** | **900.00 advance payment retainer fee per terms of Disclosure of Compensation of Attorney** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Chris Grey**<br>**Client of Debtors** | **1998 Chevy Tahoe-open end title, Debtors are in possession of vehicle pending Mr. Grey paying charges due on unpaid bond.** | **In Debtors' possession.** |
| **Dave Gendereau, Springfield MO** | **1988 Chevy Mini Van-not running** | **In Debtors' possession** |
| **Teresa Kusmaul, c/o Department of Corrections Vandalia MO** | **1978 Triumph motorcycle-junk** | **In Debtors' possession.** |

## 15.  Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.     List  the  name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.     List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18. Nature, location and name of business

None
☐

a.     If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Sole proprietorship** | | **bail bondsman business** | **bail bonds** | **3 yrs** |
| | | | | **ongoing** |

b.     Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|---|---|

## 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **H&R Block** **Rogersville, MO** | **For tax preparation** |

b.  List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None
☑

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|

c.  List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor.  If any of the books of account and records are not available, explain.

None
☑

| NAME | ADDRESS |
|---|---|

d.  List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the **two years** immediately preceding the commencement of this case by the debtor.

None
☑

| NAME AND ADDRESS | DATE ISSUED |
|---|---|

## 20.  Inventories

None
☑

a.  List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

b.  List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

None
☑

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

## 21.  Current Partners, Officers, Directors and Shareholders

None
☑

a.  If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

b.  If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

None
☑

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

## 22.  Former partners, officers, directors and shareholders

None
☑

a.  If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

b.  If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

None
☑

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

## 23.  Withdrawals from a partnership or distributions by a corporation

None
☑

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 24.  Tax Consolidation Group.

None
☑

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within the **six -year period** immediately preceding the commencement of the case.

| NAME  OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

## 25.  Pension Funds.

None
☑

If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within the **six-year period** immediately preceding the commencement of the case.

| NAME  OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER |
|---|---|

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **10/12/2005**                     Signature      **/s/ Douglas Edwin Yeager**
                                         of Debtor      **Douglas Edwin Yeager**


Date  **10/12/2005**                     Signature      **/s/ Jennifer Lou Yeager**
                                         of Joint
                                         Debtor         **Jennifer Lou Yeager**

Official Form 8
( 12/03)

## UNITED STATES BANKRUPTCY COURT
## Western District of Missouri

| In re: | **Douglas Edwin Yeager** | **Jennifer Lou Yeager** | Case No. | _____ |
|---|---|---|---|---|
| | **1508** | **1153** | Chapter | **7** |

# CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

1.  I have filed a schedule of assets and liabilities which includes consumer debts secured by property of the estate.

2.  I intend to do the following with respect to the property of the estate which secures those consumer debts:

    a.  *Property To Be Surrendered.*

    Description of Property                                Creditor's Name

    **None**

    b.  *Property To Be Retained.*                        *[Check any applicable statement.]*

| Description of Property | Creditor's Name | Property is claimed as exempt | Property will be redeemed pursuant to 11 U.S.C. § 722 | Debt will be reaffirmed pursuant to 11 U.S.C. § 524(c) | Other |
|---|---|---|---|---|---|
| 1. **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** | **Everhome Mortgage** | | | X | |
| 2. **Residential property located at 581 Johnson Avenue, Lot 28, Final Plat South Glen, Sparta, Christian County, MO** | **Homecomings Financial** | | | X | |
| 3. **1999 Chevrolet Suburban** | **US Bank** | | | X | |

Date:  **10/12/2005**                              **/s/ Douglas Edwin Yeager**
                                                   Signature of Debtor

Date:  **10/12/2005**                              **/s/ Jennifer Lou Yeager**
                                                   Signature of Joint Debtor

**UNITED STATES BANKRUPTCY COURT**
**Western District of Missouri**

In re:   **Douglas Edwin Yeager**        **Jennifer Lou Yeager**        Case No.   _____

Chapter        **7**

Debtors

# DISCLOSURE OF COMPENSATION OF ATTORNEY
# FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s)
   and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be
   paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in
   connection with the bankruptcy case is as follows:

|  |  |  |
|---|---|---|
| For legal services, I have agreed to accept | $ | 900.00 |
| Prior to the filing of this statement I have received | $ | 900.00 |
| Balance Due | $ | 0.00 |

2. The source of compensation paid to me was:

   ☑ Debtor                    ☐ Other (specify)

3. The source of compensation to be paid to me is:

   ☑ Debtor                    ☐ Other (specify)

4. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates
      of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of
      my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is
      attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case,
   including:

   a)   Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file
        a petition in bankruptcy;

   b)   Preparation and filing of any petition, schedules, statement of affairs, and plan which may be required;

   c)   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

   d)   [Other provisions as needed]
        **None**

6.  By agreement with the debtor(s) the above disclosed fee does not include the following services:

    **Contested, disputed or adversary matters, amendments to schedules, reaffirmation, redemptions, or lien removal
    actions, hearings relating to discharge, objections to discharge, reaffirmations, redemptions, lien avoidances,
    adversary actions, or other contested-type matters.  Fee does not include charges for court costs, filing fees, court
    reporting costs, transcripts, postage or copy charges.  The afore-described services shall be charged separately
    and may be subject to an advance payment retainer fee.**

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for
representation of the debtor(s) in this bankruptcy proceeding.

Dated:  **10/12/2005**   _____

**/s/ David E. Schroeder** _____
**David E. Schroeder, Bar No.  32724**

**David Schroeder Law Offices, P.C.**
Attorney for Debtor(s)

## ATTORNEY EMPLOYMENT AGREEMENT
## (CHAPTER 7 BANKRUPTCY PROCEEDING)

WHEREAS, the undersigned party, hereinafter designated as "Client" is desirous of retaining DAVID SCHROEDER LAW OFFICES, P.C., and the undersigned attorney to represent it with respect to its current legal financial situation and the law firm and attorney is desirous of representing Client, and

WHEREAS, The rules of professional conduct suggests that attorneys have written agreements with clients regarding matters being handled and fees, and

THEREFORE, it is mutually agreed to as follows:

A. ~~Scope of Representation.~~ The attorney hereby agrees to represent Client with respect to the analysis of Client's financial situation and render advice and assistance to the Client in determining whether to file a Petition under Title 11 of the United States Code. Additional services to be rendered include the preparation and filing of the Petition, Schedules, and Statement of Affairs, together with representation of the Client at the Meeting of Creditors.

B. ~~Attorney Fee for Representation.~~ For compensation and for attorney's services, time and attorney fees limited to the service or services described in the previous paragraph, Client agrees to pay the attorney an advance payment retainer or fee of $900.00. The prepaid charge paid may, in the law firm's sole discretion, be retained in the law firm trust account or applied against charges for the services first described in paragraph A. above and is deemed earned on receipt. The above fee does not include charges for court costs, filing fees, court reporting costs, transcripts, or postage and copy charges attributable to the representation described above. Client shall pay all Court costs or Court filing fees on or before the bankruptcy petition is filed. All other costs previously described shall be paid on or before Client's meeting of creditors. Client acknowledges and understands and has been advised that certain adversary actions and other contested actions are possible in any bankruptcy proceeding. Client has also paid pre-bankruptcy legal services in preceding 1 year period per Disclosure of Compensation.

C. ~~Matters Outside Representation.~~ The above fee does not include representation or services rendered in any contested or disputed matter that may arise after the filing of the Bankruptcy Petition, amendments required or requested by Client to bankruptcy schedules, or matters relating to redemption, reaffirmation, lien avoidance, and discharge hearings or agreements, amendments to bankruptcy schedules, or any services beyond the initial services first described in paragraph B. Proposals for reaffirmation will not be forwarded to Client unless they involve property or claims that the Client has indicated they intend to reaffirm as stated on the Statement of Intention filed with Client's bankruptcy schedules.

D. ~~Attorney Fees for Other Matters.~~ If any of the afore-described matters arise (including but not limited to matters of redemption, reaffirmation, lien avoidance, exemptions, or discharge) Client agrees to pay the attorney designated herein at the law firm's standard hourly rate currently ranging from $150.00 to $220.00 for attorneys and $65.00 for legal assistants or paralegals. Hourly charges shall include telephone conferences, voice mail retrieval and response, research, receipt and review of correspondence and pleadings, drafting of pleadings and correspondence, trial preparation, as well as such other matters that may be necessary for disposition of the matter or matters relating to the representation. In addition to hourly charges, Client agrees to pay for all costs, including but not limited to court costs, filing fees, court reporting costs, transcripts, long distance telephone charges, postage and copy charges and any charges that the firm may in its discretion incur as the result of employment of investigators or appraisals. Any representation requested or relating to the afore-described will require the deposit of any additional advance payment retainer or fee before commencement or finalization of the representation.

E. Client agrees to pay all fees due upon request and understands that failure to pay attorney fees may be a basis for the attorney withdrawing from the case. Payment is due upon receipt of statements. Unpaid balances shall bear interest at the rate of One and Five-Tenths percent (1.5%) per month for each Thirty (30) day period the balance remains unpaid. In the event legal action is taken to collect any past-due balance, Client agrees to pay costs of collection, including court costs and attorney fees.

F. Client may discharge the attorney at any time, subject to Court approval. The attorney may withdraw with the Client's consent or for good cause, subject to Court approval, which includes any breach by the Client of this representation agreement. When the attorney's services conclude, all unpaid charges are immediately due.

Executed and terms accepted this 12 day of October, 2005.

/s/Douglas Edwin Yeager
_____
Client

/s/ Jennifer Lou Yeager
_____
Client

APPROVED:

DAVID SCHROEDER LAW OFFICES, P.C.

BY: /s/ David E. Schroeder
_____
David E. Schroeder, Attorney for Debtor

America Online
c/o Allied Interstate
3000 Corporate Exchange Dr
Columbus OH 43231

Bank of America
PO Box 650260
Dallas TX

American Express
PO Box 650448
Dallas TX 75265-0448

Bank One-Circuit City
PO Box 15298
Wilmington  DE 19850-5298

CitiCards
PO Box 688911
Des Moines IA 50368

Discover Card
PO Box 30395
Salt Lake City UT 84130

Encore
PO Box 3330
Olathe KS 66063

Everhome Mortgage
PO Box 530580
Atlanta GA 30353

Famous Barr
PO Box 94517
Cleveland OH 44101

First National Bank of
Omaha-Visa
PO Box 2951
Omaha NE 68103-2951

Fleet
PO Box 1070
Newark NJ 07101

Homecomings Financial
PO Box 650515
Dallas TX 75265

Nationwide Credit Inc
Legal Forwarding Department
3600 E University Dr-B1350
Phoenix AZ 85034

Sams Club
PO Box 530942
Atlanta GA 30353

US Bank
PO Box 3098
Milwaukee WI 53201

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI

IN RE:                                          )
                                                )
**Douglas Edwin Yeager**                        )
                                                )
**Jennifer Lou Yeager**                         )   Case No. _____
                                                )
              Debtor(s)                         )
                                                )

## VERIFICATION OF MAILING MATRIX

    The above-named Debtor(s) hereby verifies that the attached list of creditors is true and correct to the best of my knowledge and includes the name and address of my ex-spouse (if any).

Date   **10/12/2005**_____          **/s/ Douglas Edwin Yeager**_____
                                              Debtor


                                              **/s/ Jennifer Lou Yeager**_____
                                              Joint Debtor